
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 0 5 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

Bolivar Gabriel Cruz,

        Defendant.

16-CR-307

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

**Appearances**

**For United States:**

    David Norwich Gopstein
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201
    718-254-6153
    david.gopstein@usdoj.gov

**For Defendant:**

    Mia Eisner-Grynberg
    Federal Defenders of New York, Inc.
    One Pierrepont Plaza, 16th Floor
    Brooklyn, NY 11201
    718-330-1257
    mia_eisner-grynberg@fd.org

## Table of Contents

I. Introduction ............................................................................................................... 1
II. Facts ........................................................................................................................... 1
   A. Offense ................................................................................................................. 1
   B. Arrest .................................................................................................................... 2
   C. Guilty Plea ........................................................................................................... 2
   D. Sentencing Hearing ............................................................................................. 2
III. Offense Level, Category, and Sentencing Guidelines Range ............................... 2
IV. Law ............................................................................................................................ 3
V. 18 U.S.C. § 3553(a) Considerations ........................................................................ 4
VI. Sentence ..................................................................................................................... 7
VII. Conclusion ................................................................................................................ 8

### I. Introduction

Bolivar Gabriel Cruz is thirty-three year old naturalized American citizen with no prior criminal history. Presentence Investigation Report, Dec. 20, 2016 ("PSR") at 2. On Sept. 26, 2016, he pled guilty to one count of importing cocaine into the United States. *See* 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3); Guilty Plea Transcript, Sept. 26, 2016, ECF No. 18 ("Pleading Tr."); PSR at ¶ 1. On March 22, 2017, he was sentenced to time-served, three years of supervised release, and a $100 special assessment. *See* Sentencing Hr'g Tr., Apr. 17, 2017 ("Sent. Hr'g").

### II. Facts

#### A. Offense

On May 14, 2016, Mr. Cruz arrived at John F. Kennedy Airport from the Dominican Republic. He was selected for a routine enforcement examination by Customs and Border Protection (CBP) officers. PSR at ¶ 3. No contraband was found in his baggage. But, when questioned, defendant responded evasively, avoiding eye contact with the officers. Officers conducted a pat-down, which yielded negative results. *Id.* at ¶ 3. Upon further questioning, defendant admitted to swallowing 90 pellets of cocaine. *Id.* at ¶ 4. An x-ray of his intestinal

1

tract showed the presence of the foreign object. *Id.* Defendant was placed under arrest. The 90 pellets amounted to a gross weight of 1,138.3 grams. *Id.*

The Probation Department did not receive the official Drug Enforcement Administration (DEA) laboratory report determining the exact weight and purity of the cocaine. *Id.* at ¶ 5. "[W]hen no official drug laboratory report has been received prior to disclosure of the presentence report," it is the practice of the Probation Department to hold the defendant "accountable for one-half of the gross weight of all pellets ingested." *Id.* The estimated net weight which defendant is accountable for is 596.15 grams. *Id.*

### B. Arrest

Defendant was arrested on May 14, 2016. *Id.* at ¶ 4. On May 17, 2016, he was released on bail with pretrial reporting conditions. PSR at ¶ 1.

### C. Guilty Plea

Mr. Cruz pled guilty to one count of importation of cocaine, an offense that carries a maximum imprisonment term of 20 years with no minimum. 21 U.S.C. § 960(b)(3); PSR at ¶ 50.

### D. Sentencing Hearing

The sentencing proceedings were videotaped to record courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal). Defendant's estranged wife, mother-in-law and child were present.

## III. Offense Level, Category, and Sentencing Guidelines Range

Pursuant to 21 U.S.C. § 952(a) and U.S.S.G. § 2D1, his base offense level is 24. *Id.* at ¶ 12; Addendum to the Presentence Report, Mar. 7, 2017 ("Addendum") at ¶12. The defendant

2

was a minimal participant, therefore, the offense level was reduced by four levels. U.S.S.G. § 3B1.2(a); PSR at ¶ 15; Addendum at ¶ 21. The offense level was decreased by two points pursuant to U.S.S.G. § 2D1.1(b)(17) and 5C1.2 because defendant provided complete and truthful information pertaining to his involvement in the offense; by two points pursuant to U.S.S.G. § 3E1.1(a) for defendant's acceptance of responsibility; and by one point pursuant to § 3E1.1(b) for the timely manner in which he expressed an intent to enter a plea. *Id.* at ¶¶ 13-21; Addendum at ¶¶ 13-21. The total adjusted offense level is 15. PSR at ¶ 21; Addendum at ¶ 21. Defendant has a criminal history score of zero, which establishes a criminal history category of I under U.S.S.G. Ch. 5 Pt. A. The Guidelines sentencing range is 18 to 24 months. *See* U.S.S.G. Ch. 5 Pt. A; PSR at ¶ 51; Addendum at ¶ 42. Three years of supervised release are recommended by the Guidelines. U.S.S.G. § 5D1.2(c).

## IV. Law

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." (footnote omitted)).

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. §

3

3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The court's statement of reasons must be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *Cavera*, 550 F.3d at 193 (alteration in original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society, and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence [that is] sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences* 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

### V.     18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Mr. Cruz was born in Moca, Dominican Republic in 1983. PSR at ¶ 29. Defendant's parents were in a loving relationship for the first two years of his life. For reasons unknown to Cruz, his parents ended their relationship in 1985. Upon their separation, defendant was raised

mainly by his mother and maternal grandmother. His father continued to financially support the family and visited every two weeks. *Id.* at ¶ 31.

His father worked in the Dominican Republic operating a business that imported and exported household items and office supplies. *Id.* at ¶ 29. When the business began to struggle he moved to the United States. He is currently unemployed and living with family members in Miami, Florida. Defendant maintains a good relationship with his father.

Defendant was raised in poverty. His upbringing was free from abuse, and he was always sufficiently clothed and fed. *Id.* On April 7, 2004, defendant immigrated with his mother to the United States, where he lived briefly in New York City before moving to West Palm Beach, Florida in September 2004. Three months later they moved to St. Petersburg, Florida, where defendant's mother currently resides and works as a housekeeper at a hospital. *Id.* at ¶¶ 30-31. Defendant's mother remains supportive. *Id.* at ¶ 29.

In 2009, Mr. Cruz moved back to New York by himself to pursue a job as a taxi driver. *Id.* at ¶ 31. He obtained a Type B and TLC driver's license, and currently lives in New York City driving for Uber. Sent. Hr'g. On April 12, 2013, defendant was naturalized as a United States citizen. *Id.*

He is in good physical health, without mental or emotional health problems. PSR at ¶¶ 35-37. He has never used any illicit drugs, does not gamble, and seldom drinks. *Id.* at ¶ 38. While in the Dominican Republic, defendant stopped going to school after the 11th grade because the school was forcing him to repeat classes. PSR at ¶ 40. There is no indication that defendant had disciplinary problems, and he received average grades during his schooling. Sent. Hr'g; PSR at ¶ 40.

Defendant has one full sibling, with whom he maintains a close relationship. PSR at ¶ 30. He also has two paternal half-siblings with whom he maintains a good relationship. *Id.*

In 2010, defendant married Mildred Hierro in Santiago, Dominican Republic. *Id.* at ¶ 33. She immigrated to the United States in late 2014, and is currently a legal permanent resident living in New York City. She works primarily as a pedicurist at a nail salon, and also works seasonally as a housekeeper at the Metlife Stadium in Rutherford, New Jersey. *Id.* The instant offense resulted in their separation in June 2016. Though she was originally upset about his conviction, Ms. Hierro and the defendant are now on speaking terms. She has become increasingly supportive, and they are trying to reconcile. *Id.* They have a four-year old son who resides with his mother and is cared for by his mother, maternal grandmother, and maternal aunt. *Id.* Defendant provides financial support for his son and regularly visits him. *Id.*

The offense was an aberration borne out of economic desperation. *See* Def.'s Sent. Mem., Feb. 2, 2017 ECF No. 18 ("Def.'s Sent. Mem."). The defendant's wife's brother-in-law, stated that Cruz drunkenly drove a vehicle he rented from a business partner into a ditch after getting into an argument with his wife. PSR at ¶ 34. To pay back the $10,000 the car needed in repairs, he agreed to smuggle drugs into the country. He did not consider the risks his conduct posed to his own life or his family's wellbeing. *See* Sent. Hr'g.

The defendant's crime was a surprise to his family and friends. Letters from friends and family attest to his devotion to them and his good character. *See* Def.'s Sent. Mem. at Ex. A-G. The defendant's wife's brother-in-law describes defendant as "very respectful, reserved, easy-going, good hearted and always willing to help others. . . [D]efendant is a great father to his son." PSR at ¶ 34. Ms. Hierro told the court that Mr. Cruz takes "good care of me and my son. He's attentive, loving and make[s] sure we have everything we need." *Id.* at Ex. A. His family

6

needs his income to survive. *Id.* Defendant's mother describes the defendant as selfless and willing to help others, noting that he once volunteered to help build his neighbor's house for free. *Id.* at Ex. B. Other letters echo these themes. *Id.* at Ex. F. Defendant's mother-in-law, who was present during the sentencing, is happy that her daughter is married to the defendant, who she thinks is a great person. Sent. Hr'g.

Mr. Cruz regrets his criminal conduct and he has accepted responsibility for his offense. Sent. Hr'g; Def.'s Sent. Mem. at 1-2.

## VI.     Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. In light of the nature of the offense and good character of defendant, Mr. Cruz is sentenced to time served and three years of supervised release. A $100 special assessment is imposed. 18 U.S.C. § 3013. No fine is imposed in light of the defendant's inability to pay one. *See* Sent. Hr'g; PSR at ¶ 49. During supervised release, the defendant is expected to continue working as a taxi driver, but he may change his occupation with the consent of Probation. Conditions of his supervised release include no drug use, no guns, no gambling, no association with criminals and no travelling outside the United States without permission. Sent. Hr'g. Other counts have been dismissed. *Id.*

General and specific deterrence are achieved by the sentence imposed. Defendant has complied with the conditions of pretrial supervision for the past eleven months. Sent. Hr'g. Further incarceration would unnecessarily inflict damage upon his family. Sent. Hr'g. He understands the gravity of his actions. As a first time offender it is unlikely that he will violate the law again.

## VII. Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: April 28, 2017
Brooklyn, New York